### JIM WILLIAMS V. THE STATE.

No. 10686.　Delivered February 16, 1927.

**Assault to Rape—Evidence—Held Insufficient.**

In order to support a conviction of an assault with intent to rape, the testimony must show that at the time of the alleged offense, the appellant had the specific intent to have carnal knowledge of the prosecutrix. However atrocious and reprehensible the conduct of the appellant is shown to have been toward prosecutrix, unless it shows a specific intent to have sexual intercourse with her, the offender is guilty of no higher offense than an aggravated assault. See Huebsch v. State, 251 S. W. 1079 and Cromeans v. State, 59 Tex. Crim. Rep. 611.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of an assault to rape, penalty two years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant. On specific intent, appellant cites: Croomer v. State, 51 S. W. 924; Huebsch v. State, 251 S. W. 1081.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of assault with intent to rape, and his punishment assessed at two years in the penitentiary.

The record discloses that the prosecutrix was a small child, about nine years old and weighing about 68 pounds, and the appellant was a man seventy-three years of age. The prosecutrix testified that the appellant took her into an old dilapidated coal bin, about 16 by 20 feet according to the record, pulled down her bloomers, felt of her privates, unbuttoned his pants and put her hands on his privates; that both of them "stood flatfooted," he being much taller than she was; and that as soon

as he got her in the house he gave her twenty-five cents. It appears that about this time a boy came by and observed appellant and prosecutrix in the house, whereupon appellant left the coal bin and went to town, after telling prosecutrix to go home. On cross-examination, the prosecutrix testified as follows:

"When I went in there he took hold of me and felt under my clothes and he put my hands on his privates. He did not offer in any way to put his privates into my privates, and did not offer to lay me down or did not kneel down himself. He stood flat-footed and I stood flat-footed."

The record discloses that this took place in the evening between 3:00 and 5:00 o'clock and within close proximity to a garage, cafe and other business houses in the town of Stephenville. The state also introduced as a witness the boy, Johnny Henderson, who testified that he saw appellant and prosecutrix in the coal bin together, that the appellant had prosecutrix by the arm, and that he afterwards saw appellant buttoning up his clothes and immediately leaving in the direction of town. Jesse Mounce testified for the state to seeing appellant and prosecutrix going into the coal bin, and to their standing up in there facing each other, but stated that he couldn't tell where the appellant had his hands. This witness also testified to the effect that the appellant was a great deal taller than the little girl, and that appellant was not on his knees. This is the substance of the testimony relied upon by the state for a conviction. The appellant failed to testify, but introduced his wife as a witness, and she testified that the appellant was seventy-three years of age; that he had been affected with kidney trouble for several years, and that, to her knowledge, he had not had an erection for three years prior to the alleged offense.

The only issue presented in the record for our consideration is the alleged insufficiency of the testimony to sustain the conviction. The appellant, through his counsel, strenuously insists that the evidence in this case is wholly insufficient to sustain a conviction of assault with intent to rape, in that the testimony fails to show that the appellant, at the time of the alleged offense, had the specific intent to have carnal knowledge of the prosecutrix. We have carefully examined the entire record, and while the evidence conclusively shows that the conduct of the appellant was atrocious and very reprehensible, yet we are constrained to hold that the evidence in this case fails to show, with that degree of certainty required by law, that the appellant had the specific intent to have intercourse with prosecutrix, or that

he is guilty of any higher offense than aggravated assault. In Huebsch v. State, 251 S. W. 1079, this court, speaking through Presiding Judge Morrow, after citing the Cromeans case, 59 Tex. Crim. Rep. 611, 129 S. W. 1125, and many other authorities, announced the doctrine that in order to constitute the offense of assault with intent to rape, "specific intent * * * must be proved, and not merely the intent to fondle and persuade the female to consent to intercourse on some future occasion." We are unable to say in the instant case, from all the evidence introduced, that the state has shown beyond a reasonable doubt that the appellant, at the time and place alleged, then had the specific intent to rape, and not merely the intent to have the prosecutrix fondle him and he to fondle her. Under the doctrine announced in the Huebsch case, supra, and the authorities cited in support thereof, we are forced to hold that the evidence fails to support the verdict of the jury, and that the court was in error in refusing to grant the appellant's motion for new trial herein.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.